[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a tax appeal brought pursuant to General Statutes § 12-117a by the named plaintiff Jane Hughes of 111 Downs Avenue, Stamford, and fifteen other individuals, all of whom own waterfront property in the Shippan area of Stamford. Two of the plaintiffs, Harry Garland and Gilda Anderson, also own property at 113 and 141 Downs Avenue respectively; one plaintiff, Verna Green of Rogers Road, is a part owner of a common neighborhood right of way providing access to a beach on the west side of the Shippan Point peninsula on Long Island Sound. The other plaintiffs all own separate properties on Ocean Drive West.[1]
All of the plaintiffs appealed the assessment by the Assessor of the city of Stamford on the List of October 1, 1993, to the Board of Tax Review, claiming that the Assessor had arbitrarily and illegally employed a multiplier factor to increase the value of the waterfront lots owned by the plaintiffs as contrasted with non-waterfront lots located across the street from the various plaintiffs.
The Board of Tax Review refused to reduce the assessment by the Assessor and the plaintiffs thereafter filed a single application appealing the decision of the Board of Tax Review to this court. The appeal, as revised on October 13, 1994, contains fourteen counts corresponding to the various plaintiffs. CT Page 13663
The defendant has moved (#113) to strike the action for improper joinder of the individual plaintiffs as none of the plaintiffs has an interest in all of the thirteen lots involved in this appeal. Practice Book § 152 authorizes a motion to strike to contest the improper joinder of causes of action, and Practice Book § 198 provides that the exclusive remedy for misjoinder of parties is by motion to strike.
The defendant's position is that the plaintiffs should have brought separate appeals to this court because none of them has an interest in all of the properties involved in this appeal, and that the plaintiffs are appealing from separate decisions of the defendant Board of Tax Review. In fact, each plaintiff has an interest only in his or her own property.
The plaintiffs in opposing the motion to strike refer to a number of cases as authorizing property owners who own different lots to join in one appeal, but a review of the cases cited by the plaintiffs does not substantiate their contention. InPresident and Fellows of Harvard College v. Ledyard,32 Conn. Sup. 139, 343 A.2d 649 (C.P. 1975), there was only one plaintiff who owned four separate parcels of land ("the five counts of the plaintiff's appeal . . . arose out of a single occurrence, the action of the board of tax review in the valuation of the plaintiff's properties for taxation . . . "). Id., 149. InMueller v. Salisbury Board of Tax Review, 5 Conn. L. Rptr. 204
(October 28, 1991, Susco, J.), the plaintiffs owned separate parcels of land and the defendant moved to strike on the grounds that the appeal involved two separate properties. The motion to strike was denied because the same plaintiffs owned both parcels of land that were the subject of appeal. Moss v. Town of Goshen,7 CSCR 1203 (September 22, 1992, Pickett, J.), again involved a plaintiff filing one appeal regarding separate and distinct lots owned by the same plaintiff. In Purple v. Town of East Hampton,7 CSCR 743 (June 10, 1992, Austin, J.) a motion to strike for misjoinder was granted because "[I]n order for the valuation of separate parcels to be considered a single transaction for the purpose of joinder there must be at least one plaintiff with an interest in every parcel involved. Otherwise, all of the causes of action stated in the complaint would not affect all of the parties. General Statutes Sec. 52-97 (7) and Practice Book Sec. 133(7)." Purple v. Town of East Hampton, 7 Conn. L. Rptr. 530
(October 27, 1992, Arena, J.) generated another motion to strike an amended complaint, which was denied because in one count it CT Page 13664 was alleged that the plaintiff, David B. Purple, had an interest in all six parcels under consideration. The court agreed with the proposition that "each cause of action must affect all parties to the action," but found that certain counts affected all eight plaintiffs because it was alleged that "the valuation process was flawed." Id., 532. This portion of the decision could be interpreted to hold that a number of plaintiffs could join in just one tax appeal if they all alleged that the "valuation process was flawed," however, such a result is inconsistent with the proposition that unless each plaintiff in a multi-court complaint has an interest in every parcel involved in the appeal, each property owner should be left to an individual appeal.
Furthermore, "Practice Book Sec. 133 provides that several causes of action may be joined in one complaint . . . (7) upon claims . . . arising out of the same transaction or transactions connected with the same subject of action. The several causes of action . . . shall affect all parties to the action . . . . A cause of action as used in Practice Book Sec. 133(7) has been defined as groups of facts upon which the plaintiff bases his claims for relief." (Citations omitted; internal quotation marks omitted.) Purple v. Town of East Hampton, supra,7 Conn. L. Rptr. 531. The multiplier used by the Assessor in assessing the plaintiffs' properties varies from 0.6 to 4.5. Therefore, the separate counts alleged by the individual plaintiffs do not arise out of the same group of facts.
The motion to strike is granted because each plaintiff does not have an interest in the other various parcels of real estate involved in this appeal, and therefore each aggrieved person should have brought his or her own individual appeal. Accordingly, all the counts of the complaint except the first two counts involving the named plaintiff, Jane Hughes, are stricken.
So Ordered.
Dated at Stamford, Connecticut, this 5th day of December, 1995.